IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY C. SCHIFF, : | |
|     Plaintiff : | |
|        v. : | Case No. 3:23-cv-150-KAP |
| S.C.I. SOMERSET MEDICAL : | |
| DEPARTMENT, *et al.*, : | |
|     Defendants : | |

Memorandum Order

    Plaintiff Schiff, serving an aggregate sentence of imprisonment of more than a century that was imposed by the Court of Common Pleas of Lancaster County in Commonwealth v. Schiff, CP-36-CR-923-2018 (C.P. Lancaster), *sentence affirmed* 268 A.3d 405 (table), *text at* 2021 WL 5150018 (Pa.Super.2021), filed a *pro se* complaint dated May 1, 2023, in the Eastern District of Pennsylvania in June 2023 while he was an inmate at S.C.I. Somerset. The complaint is therefore subject to the Prison Litigation Reform Act.

    The Eastern District transferred the complaint here, and I screened it pursuant to the Prison Litigation Reform Act. The complaint, on a standard form used by the Eastern District, named two defendants, a John Doe doctor employed by the Department of Corrections in Harrisburg, and the Medical Department at S.C.I. Somerset. It alleged that Schiff's wheelchair was taken from him by persons unknown on a date unknown (but around the beginning of 2022) at a place unknown, and this allegedly caused him to fall five times on unspecified dates in unspecified places. This allegedly knocked out or broke all of Schiff's teeth. Schiff alleged that at some point approximately a year after Schiff's first fall and apparently around February 2023, all his teeth were removed, and this alleviated Schiff's pain. Schiff also alleges that he has "rips" in his left shoulder and "back problems" as a result of his falls and it "took over 1 yr after fall to get MRI to show the rips." Schiff sought money damages and "something to help me with the pain."

    Because the complaint was inadequate to state a claim or to link the injuries alleged to either named defendant and because before service all parties could not have consented to my jurisdiction, I wrote a Report and Recommendation, ECF no. 9, recommending dismissal with leave to amend. Plaintiff submitted a narrative on eight sheets of lined paper, dated September 11, 2023, that was docketed as his Amended Complaint at ECF no. 21. Schiff named the two current defendants, provided dates of events and a few more details about the nature of the claim, and omitted the information about grievance history that was in the original complaint he submitted on the Eastern District form. According to the Amended Complaint, plaintiff's wheelchair was taken at defendant Croyell's order on February 13, 2022, and his fall was on February 16, 2022. He was seen by a nurse

1

named Lora at the time of his injury. He wrote requests (not described other than they were about plaintiff's "teeth and back and shoulder") to medical every two weeks, was seen by an outside dentist in August 2022, and an outside oral surgeon performed surgery in January 2023. Plaintiff also was seen by an outside orthopedic doctor in September 2022, who allegedly ordered that plaintiff receive physical therapy (provided but with "NO improvement") and that plaintiff's wheelchair to be returned to him (not done as of September 2023).

After service, both defendants filed motions to dismiss for failure to state a claim, ECF no. 34 (defendant Playso) and ECF no. 36 (defendant Croyell), and defendant Playso added that plaintiff had failed to exhaust his administrative remedies before filing suit, a defense that would apply to both defendants. Eventually, all parties having filed consents, this became a consent case.

I ordered plaintiff to respond to the motions to dismiss on or before May 22, 2024, and noted that the portion of defendant Playso's motion to dismiss raising plaintiff's failure to exhaust administrative remedies before filing his complaint would be treated as a motion for summary judgment under Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

Plaintiff has not responded at all to the defendants' motions to dismiss or for summary judgment. In his original complaint, when asked to supply information about exhaustion of administrative remedies before filing his complaint, plaintiff wrote incorrectly that initial review of grievances is conducted by the head of the grievance program, that he filed his initial grievance on February 13, 2023, and that he had been to sick call on many dates. When asked to explain, if he had not followed each step of the grievance procedure, why he had not, Schiff explained that he talked with the superintendent at S.C.I. Somerset at some point and the superintendent allegedly told plaintiff he was unable to make medical do anything and plaintiff should "SUE THEM!!!"

Ordinarily a district court is required to consider and balance the six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984), when deciding whether to use dismissal as a sanction for failure to prosecute. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary. Azubuko v. Bell National Organization, 243 Fed.Appx. 728, 729 (3d Cir. 2007). This matter could be dismissed for failure to prosecute or lack of opposition. The duty to comply with an order to oppose a motion to dismiss applies in full force to *pro se* litigants, see Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that with two exceptions not relevant here *pro se* litigants "must abide by the same rules that apply to all other litigants"), and it is settled law that an issue is waived unless a party raises it in timely fashion. Even when a brief is filed, a passing reference to an issue does not suffice to bring that issue before the court. *See e.g.,* Laborers' Int'l Union of N. Am.,

2

AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994); Brown v. Wayne County, No. 22-1506, 2023 WL 3376547, at *1 n.4 (3d Cir. May 11, 2023), *cert. dismissed sub nom.* Brown v Pennsylvania, No. 23-5092, 2023 WL 6379041 (U.S. Oct. 2, 2023). Schiff's total failure to oppose the motions to dismiss or oppose summary judgment forfeits any arguments and justifies the entry of judgment against him.

But the sixth Poulis factor, the strength of the claim, is what is at issue in the motion for summary judgment. Since the claim is precluded by plaintiff's failure to exhaust administrative remedies, dismissal need not rely on Poulis or Azubuko.

Plaintiff does not contest defendant Playso's evidence that plaintiff exhausted no grievances at all through the period after his fall and before filing his complaint. In his original complaint, Schiff practically admits that he filed suit after the initial grievance stage that is the first step in a three-step process. And if the date of the initial grievance that plaintiff gave in his original complaint is not a typographical error, Schiff's surgery took place even before his initial grievance, so even his initial grievance would have been untimely as to any claim that his dental care was inadequate. At no point does plaintiff suggest that he filed a grievance about anything other than the alleged order to return his wheelchair, and although he alleged sending many requests to the medical department, requests are neither grievances nor substitutes for grievances.

The Pennsylvania Department of Corrections' administrative remedy process applicable to inmate complaints about health care is set forth in DC-ADM 804; 37 Pa.Code§ 93.9. It creates a three-step grievance and appeal process that begins with an Inmate Grievance filed at the prison on the appropriate DOC form. The grievance is received by the prison's Grievance Coordinator and assigned a number. The institutional grievance coordinator, who may investigate the matter by referring it to an appropriate subordinate, provides an Initial Review Response. A dissatisfied inmate can appeal to the superintendent or other Facility Manager. The third and final level or appeal by a dissatisfied inmate is to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). The Chief Grievance Officer, after review of the inmate's appeal, can affirm, reverse, or remand the Facility Manager's decision, and can also dismiss an appeal as untimely or for other procedural default.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory precondition to suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement implies "proper" exhaustion, Woodford v. Ngo, 548 U.S. 81, 91 (2006), together with the corollary proposition that lack of proper exhaustion constitutes procedural default. Spruill v. Gillis,

3

372 F.3d 218 (3d Cir. 2004); *see also* Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")

There are circumstances that make an administrative remedy "unavailable," *see* Ross v. Blake, 578 U.S. 632, 643-44 (2016), but as the Supreme Court established in Ross v. Blake and the Court of Appeals had previously established in this circuit, they are limited to those cases where the inmate is prevented by obstruction or intimidation from filing a grievance (what can be called extrinsic unavailability) or cases where the administrative remedy program is either opaque or a meaningless dead end (what can be called intrinsic unavailability). DC-ADM 804 is neither opaque nor a dead end, it is the proper administrative remedy for allegations of inadequate medical care like the one made by Schiff, *see* Everett v. Robinson, *supra*, 2023 WL 6458850 at *2 (3d Cir. Oct. 4, 2023)(explaining precedent holding that DC-ADM 804 is the exclusive means by which Pennsylvania prisoners can exhaust their claims under the PLRA), and plaintiff not only does not show that it was unavailable, he alleges that he used it, even though he did so improperly.

The motions to dismiss are granted insofar as summary judgment is entered for both defendants. The Clerk shall mark this matter closed.

DATE: June 17, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Barry Schiff QF-4722
S.C.I. Dallas
1000 Follies Road
Dallas, PA 18612